**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN M. SMITH,<br><br>     Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>     Defendant. | CIVIL ACTION NO. 11-6811 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

The plaintiff, Steven M. Smith, seeks review of the final decision of the defendant, the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB").  (See dkt. entry no. 1, Compl.)  See 42 U.S.C. § 405(g).  The Court, for the reasons stated below, will remand the matter for further administrative proceedings.

BACKGROUND

Smith, in a written claim for DIB on December 19, 2008, alleged that he became unable to work on September 24, 2007.  (See dkt. entry no. 7, Admin. R. at 118, Appl. Summ. for DIB at 1.)  The Social Security Administration ("SSA") twice denied the written claim: first upon the initial filing, and again upon a request for reconsideration.  (See Admin. R. at 76-78, Initial Den. of Claim; Admin. R. at 82, Den. of Claim upon Req. for Recons.)

Smith thereafter filed a request for a hearing ("Hearing") before an SSA administrative law judge ("ALJ"), which was granted. (See Admin. R. at 91, Req. for Hr'g; Admin. R. at 46, Not. of Hr'g.)  The ALJ conducted the Hearing on September 16, 2010.  (See Admin. R. at 24-45, Tr.)  Smith was represented at the Hearing by counsel.  (See generally id.)

The ALJ issued a decision on September 20, 2010 ("ALJ Decision"), which announced the ALJ's findings of fact and conclusions of law.  (See Admin. R. at 14-17, ALJ Decision.)  The ALJ stated, inter alia, that:

> 1.  [Smith] meets the insured status requirements of the Social Security Act through December 31, 2012.
> 2.  [Smith] has not engaged in substantial gainful activity since September 24, 2007, the alleged onset date[.]
> 3.  [Smith] has the following severe impairments: back, ankle and left knee disorders[.]
>       * * *
> 4.  [Smith] does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 [("Appendix 1").]
>       * * *
> 5.  . . . [Smith] has the residual functional capacity to perform the full range of light work as defined in 20 CFR [§ ]404.1567(b).
>       * * *
> 6.  [Smith] is unable to perform any past relevant work[.]
>       * * *
> 7.  [Smith] was born on April 13, 1960 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date[.]

> 8. [Smith] has at least a high school education and is able to communicate in English[.]
> 9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not [Smith] has transferable job skills[.]
> 10. Considering [Smith's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]
> \* \* \*
> 11. [Smith] has not been under a disability, as defined in the Social Security Act, from September 24, 2007, through the date of this decision[.]

(Id. (citations omitted).) The ALJ, based on these conclusions, determined that Smith was not entitled to DIB. (See id. at 18.)

Smith sought review of the ALJ Decision by the SSA Appeals Council ("Appeals Council") on October 15, 2010. (See Admin. R. at 6-8, 10-15-10 Letter Br.) On September 20, 2011, the Appeals Council, inter alia, denied Smith's request for review of the ALJ Decision. (See Admin. R. at 1, Not. of Appeals Council Action.) Smith timely filed the Complaint before this Court on November 17, 2011, seeking judicial review of the ALJ Decision. (See Compl.) See 42 U.S.C. § 405(g); Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007) ("Because the Appeals Council denied review of the ALJ's decision, we review that decision as the final decision of the Commissioner.").

Smith outlines several points of alleged error. He contends, inter alia, that the ALJ erred when concluding that he did not have

3

an impairment or combination of impairments that met or functioned as the medical equivalent of one of the impairments listed in Appendix 1.  (See dkt. entry no. 13, Br. in Supp. at 6, 8-15.)  He argues that the ALJ Decision is not supported by substantial evidence because it provides conclusory findings of fact lacking explanation or support.  (See id. at 13, 15).  He also argues that the ALJ "overlooked weighty evidence", and that the ALJ Decision is "devoid of any discussion of the combination of impairments documented in the record, and makes no comparison of [Smith's] combined impairments" and the conditions listed in Appendix 1.  (Id. at 15.)

Smith asks the Court to reverse the ALJ Decision insofar as the ALJ determined that Smith's impairments did not meet or function as the medical equivalent of one of the listed impairments in Appendix 1, and to grant him DIB retroactive to the alleged onset date, i.e., September 24, 2007.  (See id. at 23).  In the alternative, he asks the Court to remand the matter to the ALJ "with direction to consider the overlooked evidence".  (Id.)

## DISCUSSION

### I.  Standard of Review

The Court has jurisdiction to review the ALJ Decision, but our review is limited.  See 42 U.S.C. § 405(g).  The Court has plenary review of legal issues.  See Schaudeck v. Comm'r of Soc. Sec.

4

Admin., 181 F.3d 429, 431 (3d Cir. 1999).  But the Court may only review the ALJ's findings of fact to determine whether they are supported by substantial evidence.  See 42 U.S.C. § 405(g); Schaudeck, 181 F.3d at 431; see also Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986) (court may not re-weigh the evidence of record).  "Substantial evidence", as defined in this context, is less than a preponderance of the evidence but "more than a mere scintilla"; it is such evidence "as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations omitted) (internal quotation marks omitted).

"[T]he substantial evidence standard is a deferential standard of review."  Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted).  The Court will not set aside the ALJ Decision "if it is supported by substantial evidence, even if we would have decided the factual inquiry differently."  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).  Nevertheless, the Court "retain[s] a responsibility to scrutinize the entire record[.]"  Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).  "A single piece of evidence will not satisfy the substantiality test if the [ALJ] ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence -- particularly certain types of evidence (e.g.,

5

that offered by treating physicians)[.]" Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983).

"Where competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence . . . and explain a rejection of the evidence." Schaudeck, 181 F.3d at 435. The Court may not find that an ALJ decision is supported by substantial evidence unless the ALJ has analyzed the evidence and sufficiently explained the weight given to probative exhibits. Bordes v. Comm'r of Soc. Sec., 235 Fed.Appx. 853, 861 (3d Cir. 2007). The ALJ must consider all of the evidence and give some reason for discounting rejected evidence. See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000).

An ALJ decision must provide "sufficient development of the record and explanation of findings to permit meaningful review." Jones, 364 F.3d at 505. The ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," id., and need not reference each and every treatment notation with particularity. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). But the ALJ, when rejecting evidence, must provide some explanation for the rejection. See Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981).

These policies allow the Court to properly review the ALJ's decision, to determine whether the decision is supported by

substantial evidence.  See Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981); see also McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360-61 (3d Cir. 2004) (findings of fact concerning any of five steps of sequential evaluation process are subject to review under "substantial evidence" standard).  The Court, without an indication as to what evidence the ALJ considered or rejected, "cannot tell if significant probative evidence was credited or simply ignored." Cotter, 642 F.2d at 705.

**II.   Analysis of Claim**

Smith contends that the ALJ Decision is not supported by substantial evidence.  As noted above, he argues, inter alia, that the ALJ failed to properly support the conclusions that Smith's medical conditions did not meet or function as the medical equivalent of one of the impairments listed in Appendix 1.  (See Br. in Supp. at 6-7, 13, 14-15.)  The Commissioner opposes the relief Smith seeks but fails to address this argument.  (See generally dkt. entry no. 17, Opp'n Br.)

The Court is constrained to agree with Smith that the ALJ failed to support the ALJ Decision with substantial evidence.  See Bordes, 235 Fed.Appx. at 865-66; Jones, 364 F.3d at 505.  The ALJ concluded that Smith did "not have an impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in" Appendix 1.  (ALJ Decision at 14.)  Specifically,

the ALJ concluded that Smith's ailments did not meet or function as the medical equivalent of either Listing 1.02 or Listing 1.04. (See id. at 14-15.)

The Court's conclusion rests upon the determination that the ALJ failed to sufficiently develop the record. After summarizing the burdens of production relating to claims under Listing 1.02, the ALJ stated that "[i]n the matter at hand, <u>the medical evidence does not support a finding of any of the above</u>. Accordingly, the claimant does not meet or equal listing 1.02." (ALJ Decision at 15 (emphasis added).) Similarly, after summarizing the burdens of production relating to claims under Listing 1.04, the ALJ merely stated that "<u>the medical evidence does not support a finding of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis</u>. Accordingly, the claimant has failed to meet or equal listing 1.04." (Id. (emphasis added).)

The Court deems the ALJ's findings, insofar as those findings relate to Listing 1.02 and Listing 1.04 (i.e., to the third step in the SSA's five-step sequential evaluation process) insufficient. It appears from a plain reading of the ALJ Decision that the ALJ failed to: (1) discuss evidence supporting the conclusions related to Listing 1.02 and Listing 1.04; (2) assign weight to or draw conclusions about the credibility of such evidence; and (3) discuss evidence contradicting the conclusions related to

Listing 1.02 and Listing 1.04.  (See ALJ Decision at 14-16.)  As such, the Court cannot determine which, if any, evidence was credited or considered.  See Cotter, 642 F.2d at 705; see also Schaudeck, 181 F.3d at 435.

The Court will thus remand the matter for further proceedings.  See Bordes, 235 Fed.Appx. at 865-66 (remanding where ALJ failed to properly develop the record).  Upon remand, the ALJ must sufficiently establish the factual basis for all conclusions reached here.

## CONCLUSION

For the reasons discussed above, the Court will remand the matter for further proceedings.  The Court will issue an appropriate Order.

                                             s/ Mary L. Cooper  
                                             **MARY L. COOPER**  
                                             United States District Judge

Date:    November 19, 2012